WEISER VALLEY LAND & WATER CO. v. RYAN. †

(Circuit Court of Appeals, Ninth Circuit.   October 2, 1911.)

No. 1,960.

**1. EMINENT DOMAIN (§ 274*)—TRESPASS—INJUNCTION—ESTOPPEL.**

Under Rev. Codes, Idaho, § 5226, providing that a condemner of land is not entitled to enter and take possession prior to the ascertainment of damages by a jury and the payment of such damages or a deposit with the clerk, unless the damages are assessed by commissioners appointed by the court for that purpose, and such damages when so assessed are paid to the owner, or, if refused by him, deposited with the clerk to abide the result of the action, the fact that a landowner, after stipulating that the condemner might submerge the land to be taken until final judgment in condemnation proceedings on giving bond, did not take any steps to prevent the condemner's construction of its works until after the latter refused to pay the judgment rendered in condemnation proceedings, did not estop the landowner to then sue to enjoin the maintenance of the improvement.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 274.*]

**2. EMINENT DOMAIN (§ 241*)—CONDEMNATION—JUDGMENT.**

Under Rev. Codes, Idaho, §§ 5223, 5224, 5225, relating to condemnation proceedings, it is improper to render judgment of condemnation until the award of compensation has been paid; proper judgment being a personal judgment against the condemner for the amount of the award.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 241.*]

Appeal from the Circuit Court of the United States for the Central Division of the District of Idaho.

Suit by Colonel W. Ryan against the Weiser Valley Land & Water Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

See, also, 190 Fed. 417.

Richards & Haga, for appellant.

Lot L. Feltham and Frank D. Ryan, for appellee.

Before MORROW, Circuit Judge, and HANFORD and WOLVERTON, District Judges.

WOLVERTON, District Judge.   This is a suit instituted by the appellee against appellant to enjoin the latter from maintaining a dam across Lost Creek, Washington county, Idaho, and thereby forcing the water of the stream back upon the land of complainant.   The appellant, being the defendant below, is engaged in the construction, maintenance, and operation of an irrigation project, and is required, within the scope of its undertaking, to construct a reservoir, which, when completed, will inundate the land of the complainant, or practically all of it.   It is the attempt to construct the dam, designed with the basin above it to form the reservoir, that complainant complains of, by reason of its effect to force the water back upon him.   It appears from the bill of complaint, which was filed January 7, 1911, that the defendant, in the exercise of the right of eminent domain, on September 4, 1909, commenced a proceeding in the District Court of the state of Idaho, the summons having been served on that date, to condemn the land of plaintiff to its use.   On September 15, 1909,

without further proceeding being had, defendant began its construction of the dam, and thenceforth became a trespasser upon plaintiff's land.

The defense interposed to the injunction is that the plaintiff stood by and permitted the improvement to go on without interposing objection thereto, and, further, that the plaintiff on March 8, 1910, entered into a stipulation with defendant, which stipulation was filed in the action to condemn, whereby it was agreed that the defendant (plaintiff in that action) should have the right to overflow and submerge the land of plaintiff until final judgment in that court, upon giving a bond in the sum of $2,500 for compensating plaintiff for all damages that he might sustain by reason of such overflow. The bond was executed March 12, 1910, and the proceeding to condemn postponed for further hearing until June 10, 1910. For these reasons, it is urged that plaintiff is estopped from interfering with the further construction of the dam. The bill for injunction shows, furthermore, that the action to condemn, after the cause was removed to the federal court, was brought on for trial, and determined June 24, 1910, resulting in a judgment in favor of the plaintiff in the injunction for the sum of $8,000 as the value of his land; that execution had subsequently issued to enforce payment, but that no property of defendant could be found with which to satisfy the execution; and that defendant refused to pay such judgment. The federal Circuit Court, to which this suit also was removed, decreed the injunction prayed for. This appeal is from that decree.

[1] The first question to be considered is whether the plaintiff has been estopped by remaining inactive and without raising objection to the defendant's construction of the dam. The answer to this objection is plain. The defendant was at the time it entered upon the construction of the dam and virtually began its trespass upon plaintiff's land proceeding in invitum to condemn the land, and this under the procedure prescribed by the Idaho statute. Under that procedure, the condemner is not entitled to possession prior to the ascertainment of damages by a jury and the payment of such damages, or a deposit with the clerk, except the damages be assessed by commissioners appointed by the court for that purpose, and such damages, when so assessed, are paid to the owner, or, if refused by him, deposited with the clerk of the court to abide the result of the action. Thereupon the condemner may enter and take possession, but not until then. Section 5226, Idaho Revised Codes. Portneuf Irrigating Co. v. Budge, 16 Idaho, 116, 100 Pac. 1046; Pyle v. Woods, 18 Idaho, 674, 111 Pac. 746. It is hardly conceivable how the condemner can, while proceeding in invitum to condemn, the owner resisting the proceeding, estop the owner by reason of the latter having made no objection on the ground to prosecution of the work, when at the same time the condemner is ignoring the very statute under which it is proceeding. Equitable estoppel is not based upon any such principle, and the defendant could not have so acquired an unimpeachable right to proceed with its construction, and thus impair the holdings of the complainant. It is to be observed that at the time this suit was begun for injunction the defendant had prosecuted its action to condemn to judg-

ment; and, while refusing to pay the award of compensation, or even to deposit the same with the clerk, it is insisting upon a virtual appropriation of plaintiff's land, and this, of course, without compensation to the owner.

[2] The judgment entered in the action to condemn is probably irregular, in that it purports to condemn the land to the uses of the defendant company.     Under the Idaho statute (sections 5223, 5224, 5225, Idaho Revised Codes), it was manifestly not intended that such a judgment should be entered until the award of compensation had been paid, but it was proper to enter a personal judgment for the amount of the award rendered by the jury.   See Weiser Valley Land & Water Co. v. Ryan and Ryan, 190 Fed. 417, just decided.

As it pertains to the stipulation, that had served its purpose in the action in which it was filed when this suit was begun.   It was to continue effective until final judgment in the action.   The defendant, however, insists upon remaining in possession despite the judgment, and without responding for the compensation awarded, for which there is no warrant of law or equity.

The decree of the court below should be affirmed, to continue in force until the judgment in the action to condemn is satisfied.   When the judgment is satisfied, the injunction should be discharged; and such will be the order of the court.