(November 26, 1910.)

# E. E. PYLE and ALETHA J. PYLE, Plaintiffs, v. HON. WILLIAM W. WOODS, Judge of the First Judicial District, Defendant.

### [111 Pac. 746.]

PROHIBITION—PROCEEDINGS IN CONDEMNATION—AWARD OF DAMAGES BY COMMISSIONERS—PAYMENT BY CONDEMNOR—RIGHT OF TRIAL BY JURY—TERMINATION OF PROCEEDING.

(Syllabus by the court.)

1. A corporation armed by the constitution and statutes of this state with the power of eminent domain has no right to enter upon and take possession of the premises sought to be condemned until it either pays to the owner of the property the amount assessed and found as damages by commissioners duly appointed, or, in case the owner refuses to accept the award, has paid the same to the clerk of the court to abide the result of the action.

2. Where the parties to a condemnation proceeding are unable to agree in the first place upon the value of the property and the damages that will be sustained, if the damages are subsequently assessed by commissioners appointed in conformity with the statute (sec. 5226), and the plaintiff voluntarily pays the award to the defendant or into court to abide the result of the action, and the defendant voluntarily receives and accepts such award, the payment thus made by the party plaintiff and received and accepted by the party defendant constitutes a contract or voluntary agreement between the parties, and terminates the proceeding and entitles the plaintiff to its decree in condemnation.

3. Where a plaintiff in condemnation has procured the appointment of commissioners to assess the damages that would be sustained by the property owner, and has thereafter voluntarily paid the award to the defendant or to the clerk of the court and taken possession of the premises sought to be condemned, such plaintiff is not thereafter, on its own motion, entitled to have the question of damages and compensation submitted to a jury, and the court has no jurisdiction to do so over the objection and protests of the defendant who is ready and willing to accept the award as full compensation for the damages he will sustain by reason of the condemnation.

4. In a proceeding under the statute in condemnation, primarily, the right of trial by jury is accorded equally to both parties to the action. As a substitute therefor, there is accorded to the plaintiff

the right of having commissioners appointed to assess the damages that will be sustained by the defendant, and if the plaintiff pays such award and the defendant accepts the same, the right of trial by jury is ended. If, on the other hand, the plaintiff pays the award and the defendant refuses to accept it, the plaintiff may no longer demand a jury, but the defendant may still demand a jury to assess the damages that he will sustain. If, however, the defendant accepts the award, he waives the right of trial by jury and the litigation thereby ends.

5. Upon an award of commissioners in condemnation proceedings, if the amount awarded is paid by the plaintiff and accepted by the defendant, a decree confirming such action of the parties will be in substance a decree by consent or confession, and will come as fully within the purview of the statute as if the case had gone to trial before a jury and judgment and decree had been entered on the verdict.

6. Sec. 5226, Rev. Codes, confers all the jurisdiction necessary to a hearing and assessment of damages, and all the means necessary to carry into effect the proceedings had is conferred by the general statute, sec. 3925.

Original application for a writ of prohibition against the Honorable William W. Woods, as judge of the District Court of the First Judicial District. Alternative writ issued and return and motion made to quash the writ. Motion denied and writ made perpetual.

C. W. Beale, Walter H. Hanson, and James A. Wayne, for Applicants.

Sec. 14 of art. 1 of our constitution specifically prohibits the taking of property until a just compensation to be ascertained in a manner prescribed by law shall be paid for the same. It has been held by this court in *Portneuf Irr. Co., Ltd., v. Budge*, 16 Ida. 116, 100 Pac. 1046, that the award of the commissioners is an ascertainment in the manner prescribed by law of the compensation that should be first paid before the property is taken. Can it be successfully contended that this railway company, having resorted to this legal manner of ascertaining the compensation, and having taken possession of the property, should enjoy the unheard of right and privilege of having it ascertained in some other manner

as to the award it should pay for the appropriation of the property when it had already consented to this legal method, had deposited the money to go to the proper claimant, and had taken possession of the property, constructed its railroad thereon, and was still in possession thereof, and maintaining its road thereover?

Under sec. 5226, it is the plaintiff and not the defendant who can invoke the aid of commissioners for the assessment and determination of the damages that the defendant will sustain by reason of the condemnation and appropriation of his property, and it is the defendant and not the plaintiff who has the privilege of saying whether or not he will accept the award, and the plaintiff has no appeal when the defendant decides to accept the award.

A. H. Featherstone, and F. M. Dudley, for Defendant.

An examination of the eminent domain statute shows clearly that the law never contemplated the possibility of such an award being made the basis of a judgment. Sec. 5215, Rev. Codes, provides that "all proceedings under this title must be brought in the district court." The powers conferred by sec. 5219 are in express terms conferred upon the "court." By the provisions of sec. 5220 the testimony is to be heard and the damages assessed by "the court, jury or referee." Upon the verdict of the jury, or the findings of the court or referee, if a jury be waived, the court is to enter a "final judgment." (Sec. 5223, Rev. Codes; *Cal. So. Ry. Co. v. S. P. Ry. Co.,* 67 Cal. 59, 7 Pac. 123.)

AILSHIE, J.—This is an application for a writ of prohibition against the judge of the district court of the first judicial district to restrain and prohibit him trying a case pending in his court entitled Chicago, Milwaukee & St. Paul Ry. Co. of Idaho, a corporation, plaintiff, vs. E. E. Pyle and Aletha Pyle, his wife, and the Northern Pacific Ry. Co., a corporation, defendants. The various pleadings, proceedings and orders had and made in the case are set out in full in plaintiff's

petition, and the questions of law are presented to us on motion by the defendants to quash the writ.

It appears that on the 9th day of March, 1908, the Chicago, Milwaukee & St. Paul Ry. Co. of Idaho, a corporation—which for convenience we will hereafter designate as the Milwaukee Co.—instituted an action in the district court in and for Shoshone county against the plaintiffs herein and the Northern Pacific Ry. Co., as defendants, whereby the plaintiff sought to condemn a strip of land 200 feet wide across certain lots and fractional lots situated in Shoshone county and occupied and claimed by the defendants Pyle, and to which the Northern Pacific Ry. Co. also claimed the title. Summons appears to have been issued and served in conformity with the provisions of sec. 5217, Rev. Codes, and within the time prescribed by the summons the defendants Pyle appeared and demurred. The Northern Pacific Co. did not appear. The demurrer by the Pyles was sustained and an amended complaint was filed and the Pyles thereupon answered. By their answer they claimed the fee simple title to the land and the exclusive possession and right of possession thereof, and denied that the use to which the Milwaukee Co. desired to condemn the property was a public use, and, further, set up the value of the property sought to be taken and the damage that the owners would sustain by reason of condemnation. The Milwaukee Co. thereafter made application under the provisions of sec. 5226 for the appointment of commissioners to assess and determine the damages that the defendants would sustain by reason of the condemnation. After a hearing on the objections and protest made by the defendants Pyle, and in due course of proceedings, the objections were overruled and commissioners were appointed. Subsequent to the appointment of the commissioners, and after giving due notice to all the parties defendant, as required by the provisions of sec. 5226, the commissioners met for the purpose of hearing the evidence and taking proofs and assessing the damages, and the Milwaukee Co. was represented by its counsel, Cullen & Dudley, and the defendants Pyle were represented by C. W. Beale and James A. Wayne; the Northern Pacific, which had never

appeared in the case, did not appear, and submitted no proofs whatever. After hearing all the proofs, the commissioners made and filed their findings as follows:

"1. That the value of the separate estate and interest of defendants E. E. Pyle and Aletha J. Pyle in and to the land sought to be condemned and appropriated by plaintiff herein for its right of way, situated in Lot 10 of Section 5, Township 45 North, Range 3 East, B. M., being 5.3 acres, with the improvements thereon, is $3,300.00.

"2. That the value of the separate estate and interest of defendants E. E. Pyle and Aletha J. Pyle in and to the land sought to be condemned and appropriated by plaintiff herein for its right of way, situated in Lot 1 of Section 8 of said township and range aforesaid, being one (1) acre of land, is $150.00.

"3. That the damages which the said defendants E. E. Pyle and Aletha J. Pyle will suffer by reason of such condemnation, aside from the value of the land and improvements aforesaid, is $5,000.00.

"4. That the damages which will accrue to the portion of land in lot 10 of section 5 aforesaid, which is not sought to be condemned, by reason of its severance from the portion sought to be condemned, is $100.00, and that the damages sustained by defendants E. E. Pyle and Aletha J. Pyle thereby is $100.00.

"5. That the damages which will accrue to the portion of land in Lot 1 of Section 8 aforesaid, which is not sought to be condemned, by reason of its severance from the portion sought to be condemned, is $150.00, and that the damages sustained by defendants E. E. Pyle and Aletha J. Pyle thereby, is $150.00.

"6. That the defendants E. E. Pyle and Aletha J. Pyle, by reason of the condemnation and appropriation of said land will sustain damages by loss of their spring and domestic water supply, in the sum of $500.00.

"7. That the defendants E. E. Pyle and Aletha J. Pyle, by reason of the condemnation and appropriation of said land will sustain damages by being cut off from the waters of the

St. Joe river, for the purpose of watering their stock and horses, in the sum of $150.00.

"8. That by reason of the condemnation and appropriation of said lands that the timber standing and growing on the remaining portions of said land not sought to be condemned, will be endangered and decreased in value on account of the increased danger of loss of said timber by fires that may be ignited by the operation and maintenance of said railroad over said strip of land and that the defendants E. E. Pyle and Aletha J. Pyle will thereby suffer damages in the sum of $150.00.

"9. That the cost of a good and sufficient fence along the line of said railway is $120.00, and the cost of cattle guards where fences may cross the line of said railroad is $40.00.

"10. That the portion of said land above described not sought to be condemned will be specially and directly benefited by the construction of said line of railway as proposed by the plaintiff in the sum of $———.

"11. That the Northern Pacific Railway Company, codefendant herein having been duly and regularly served with notice thereof, appeared not and no evidence, either oral or documentary, was introduced on its behalf.

"WHEREFORE, we, the undersigned commissioners, find from the foregoing that the damages which will be sustained by the defendants E. E. Pyle and Aletha J. Pyle, by reason of the condemnation and appropriation of said lands by the plaintiff herein as described in the amended complaint, are $9,500.00.

"And we further find that the damages which will be sustained by the codefendant, Northern Pacific Railway Company, by reason of the condemnation and appropriation of said lands as aforesaid will be in no sum whatever."

After the filing of the report of the commissioners, and on the first of May, 1908, the Northern Pacific Co. made an *ex parte* application to the judge of the district court for an order prohibiting and restraining the clerk from paying to the defendants Pyle the sum of $9,200 of the award made by the commissioners until such time as the respective rights of the defendants Pyle and the Northern Pacific Ry. Co. in

and to lot 10 of the land sought to be condemned should be finally determined and adjudicated. The court made and entered the order as prayed for by the Northern Pacific Co., and on the following day the Milwaukee Co. paid the award made by the commissioners over to the clerk of the district court. The Milwaukee Co. thereupon sought to enter upon the premises and commence its work and construction over the lands which it was proceeding to condemn. The Pyles refused to allow it to enter the premises, and thereupon the Milwaukee Co. commenced an action in the district court by filing its complaint praying for a decree entitling it to the possession of the land sought to be condemned, and enjoining and restraining the Pyles from in any way interfering with its work and operation or preventing its entering upon the premises. The district judge thereupon made an *ex parte* order as prayed for by the company, restraining and enjoining the Pyles from in any way interfering with the Milwaukee Co. entering upon the premises and commencing and continuing its construction and the operation of its railroad. Thereafter, and on the 20th day of May, counsel for the Pyles appeared and moved for a dissolution of the restraining order, and after a hearing the original restraining order was continued until such time as the motion could be disposed of, and the motion was taken under advisement and, as it appears from the petition herein, that application has never been passed upon or decided by the court or judge thereof.

By this time, and through these several proceedings, the Milwaukee Co. had succeeded in procuring possession of the land sought to be condemned and of ousting and ejecting the defendants Pyle therefrom without paying to the Pyles any compensation whatever, as required by both the constitution and statute of the state. The Pyles have expressed their willingness to accept, and sought in every manner to procure the sum awarded to them as damages in the manner and method prescribed by sec. 5226, but at all times without avail. After all these proceedings, and upon an order of the district court, the Northern Pacific Co. appeared in the condemnation suit and answered and set up its claim to title in and to the

lands sought to be condemned, and to this pleading the Pyles answered and the case went to trial, and it was finally' determined and decreed by the district court that the Northern Pacific Co. had no interest or right in or to the lands in controversy. Thereafter, and on the 24th day of September, 1910, and over the objections and protests of defendants Pyle, the district court set the condemnation case for trial before a jury as to the amount of damages to which the defendants Pyle were entitled to recover by reason of the condemnation proceedings. It is for the purpose of restraining the court from proceeding to trial of this case, or a trial before a jury, or otherwise, that this application is made.

It is claimed by the petitioners that after the commissioners, who were appointed on the instance and application of the Milwaukee Co., had heard the evidence and made their findings and award and the company paid the award to the defendants, or into court for the defendants, and the defendants were willing to receive and accept the same as just and fair compensation for the property to be taken, the litigation was thereupon ended, and that no subsequent trial as to the question of damages can be had by the company seeking the condemnation. It is insisted by the petitioners that the court has no jurisdiction to proceed further to a trial of the case under such circumstances, and that to do so would be a violation of the purpose and intent of the condemnation statute of this state, and an excess of jurisdiction.

Now, in the first place, it is clear, beyond doubt, that the Milwaukee Co. seeking to condemn this land had no right whatever to enter upon and take possession of the premises until it either paid "to the defendants" the amount assessed and found by the commissioners as damages, or in case the defendants refused to receive the same, then paid the sum "to the clerk of the court to abide the result of the action." This is the express provision of the statute as embodied in the latter part of sec. 5226. (See, also, *Portneuf Irr. Co. v. Budge,* 16 Ida. 116, 100 Pac. 1046.)

The real and decisive question, however, with which we are confronted in this case is that as to whether a condemn-

ing company, availing itself of the statute of eminent domain, after securing the appointment of commissioners and paying to the defendants or into court the award made by such commissioners in accordance with sec. 5226, can thereafter have the question of damages submitted to a jury under the provisions of secs. 5220 and 5221. If the condemning company can do so, then of course the trial court had the jurisdiction to set this case for trial before a jury; if they cannot do so, then no jurisdiction existed, and the writ should be made permanent in this case.

Under the constitution, sec. 14, art. 1, private property may not be taken for public use until after a just compensation has been ascertained and paid therefor. Now, the statute,—in particular secs. 5220 and 5221,—provides for ascertaining and assessing the damages which the property owner will sustain by reason of the taking of his property, and this may be done before a jury, and the right to have a jury trial is common to both the condemning party or company and the land owner. This method, however, is not as speedy and summary as may sometimes be desired, and so the legislature incorporated a proviso in sec. 5226 to the effect that at any time after the commencement of the proceedings in the district court the *condemning party* may, upon ten days' notice to the adverse party, apply for the appointment of commissioners to assess and determine the damages, and that after the making of such an assessment and filing of the report, if the plaintiff sees fit to pay *to the defendant* the amount assessed and found by said commissioners as damages or, *in case the defendant refuse to receive the same, deposits the amount with the clerk of the court to abide the result of the action,* the plaintiff may have possession of the premises. It was held by this court in *Portneuf Irr. Co. v. Budge* that the provisions of sec. 5226 are constitutional, and when complied with amount to an ascertainment "in a manner prescribed by law" of the just compensation to which the land owner is entitled. And so the court held in that case that when damages have been ascertained by commissioners in accordance with this proviso contained in sec. 5226 and the sum assessed

has been paid or tendered, the constitutional requirement has been fully met. It was further held in that case that the right of the land owner to refuse the award thus made and to go before a jury for the assessment of damages, or even to appeal, are not constitutional rights guaranteed him, but are purely grants by the legislature of privileges and additional remedies to which he might otherwise not be entitled.

Subd. 6, sec. 5216, requires that in order for a complaint in condemnation to state a good cause of action, it must contain "in all cases where the owner of the lands sought to be taken resides in the county in which such lands are situated, a statement that the plaintiff has sought, in good faith, to purchase the lands so sought to be taken, or settle with the owner for the damages which might result to his property from the taking thereof, and was unable to make any reasonable bargain therefor, or settlement of such damages." This is required on the theory that if the parties can make a contract themselves and agree on the value of the property and the damages sustained, there will be no occasion for the intervention of the court. If no such agreement can be made, then the parties resort to the courts.

When the Milwaukee Co. commenced its action, it might have proceeded to trial before a jury in the usual and ordinary manner. This it did not see fit to do. On the contrary, it applied for, and over the protests and objections of the defendants secured, the appointment of commissioners. This the statute gave it a right to do. After the assessment of damages by the commissioners the company was not obliged to pay the award if it was dissatisfied with the amount assessed, but might have gone before the court and a jury and had the damages assessed in the usual way. The payment of the award made by the commissioners was wholly voluntary on the part of the plaintiff. As soon as the payment was made, which was voluntary on the part of the plaintiff, and after it was voluntarily accepted by the defendants on their part, this constituted an agreement and contract and closed the transaction, and entitled the plaintiff to its decree of condemnation without any further proceedings. This seems to

be the unmistakable purpose and intent of the statute as embodied in sec. 5226, Rev. Codes. But it may be argued that under this holding, if the land owner accepts the payment of the award made by the commissioners, he thereby loses the right to have the assessment made by a jury and also the right to appeal, or, to put it in a slightly different form, that the land owner does not receive the compensation which has been ascertained before the taking of his property in a case where he desires to have a reascertainment of it by a jury or to avail himself of his right to an appeal. This is in a sense true, but the constitution only guarantees him such a ''just compensation'' before the taking of his property as may ''be ascertained in a manner prescribed by law.'' Now, since it has been held that the ascertainment of a just compensation by commissioners appointed and acting in conformity with the provisions of sec. 5226, Rev. Codes, fully meets the requirements and demands of this constitutional provision, the land owner is getting just what the constitution guarantees him whenever he is tendered and accepts the award made by the commissioners. However, the statute has given him a further guaranty and safeguard should he be dissatisfied with this award. But as said by this court in *Portneuf Irr. Co. v. Budge:* ''He is not obliged to invoke it. He may exercise his pleasure in availing himself of this right.'' As we view the statute, if he sees fit to avail himself of a right of trial by jury or appeal, he must allow the compensation paid by the plaintiff to remain with the clerk ''to abide the result of said action.'' If it had not been intended by the statute that a receipt of the award made by the commissioners would be a waiver of further defenses and settle the litigation, we cannot understand why the statute would have provided for paying the award to the clerk in case the defendant refused to accept it. Certainly the defendant would never refuse to accept the award if the acceptance is no waiver of any of his rights of defense. The statute says that the company shall, if it desires possession of the premises, pay the money ''to the defendant''; and if the defendant refuses to accept, then plaintiff must pay it to the clerk. Here it did not offer it

*to the defendants,* who were willing to take it, and in fact
clamoring for it, but it paid it to the clerk, who had previously
been enjoined by the court, on the application of the Northern
Pacific Co., from paying it over to the defendants until the
question of title might be settled between the Pyles and the
company. It is noteworthy that at the very time these pro-
ceedings were being had, the report of the commissioners was
on file, finding that the Pyles were entitled to the sum of
$9,500 damages, and that the Northern Pacific Co. was not
entitled to any damages; that it had not appeared and had not
introduced any evidence whatever showing that it was en-
titled to any damages or claimed any damages. The Milwau-
kee Co. could not pay into court the award made by the com-
missioners and then take possession of the premises, and
thereafter, on its own motion and initiative, procure a trial by
jury as to the amount of damages to which the defendants are
properly entitled. The option to have a trial by jury is left
to the defendants, the land owners. If they are dissatisfied
with the award made by the commissioners, they are not
obliged to receive or accept the tender made by the plaintiff,
but may refuse to accept the award and go into court and call
for a jury to determine and assess the damages.

Two options with reference to the assessment of damages
are given to the parties by the provisions of sec. 5226: First,
the plaintiff may apply for the appointment of commissioners,
and if satisfied with the award made and desirous of taking
immediate possession of the premises, may pay that sum to the
defendant,—or if the defendant refuses to accept it, then to
the clerk,—and thereupon take possession of the property.
Second, if the defendants are satisfied with the award, they
may accept it and thus terminate the transaction, or if dissat-
isfied with the award, they have the option of a trial by jury
before the court for the assessment of the damages they will
sustain. It has already been held by this court that the use,
necessity and all the requirements of sec. 5213, Rev. Codes,
should be tried and found by the court before commissioners
are appointed at all. (*Portneuf Irr. Co. v. Budge, supra.*)

It would be trifling with justice and the rights of property owners to allow a company, endowed with the powers of eminent domain, to come into court, procure the appointment of commissioners, pay the award made into the court, take possession of the defendant's property, and thereafter put the defendant to the annoyance and expense of a trial before the court and jury when the defendant is already willing to accept the award which has been made and upon which plaintiff has taken possession of his property.

The only thing left in this case for the court to do was to order the money paid by the Milwaukee Co. to the clerk delivered over to the defendants Pyle and to enter a decree against the Pyles condemning the property to the use for which it was sought.

It is urged, however, that no authority is conferred by the statute to enter a decree or a final judgment on the award of commissioners, and that consequently no such authority exists. To our minds, there are two answers to this, either one of which is sufficient: First, if the money is paid by the plaintiff and accepted by the defendant, a decree following upon this action taken by the respective parties will be in substance a decree by consent or confession and will come as fully within the purview of the statute as if the case had gone to trial before a jury and judgment and decree had been entered on the verdict. Second, the statute, sec. 5226, confers all the juris-[9] diction necessary to a hearing and assessment of damages, and while it does not specifically point out the manner of entering judgment in a case where the award is accepted, we think all the means necessary to carry into effect the proceedings had is conferred by the general statute, sec. 3925, which reads as follows:

"When jurisdiction is, by this code or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceedings be not specially pointed out by this code, or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

The court had no jurisdiction to set the case for trial before a jury under these circumstances. The motion to quash is overruled, and the writ is made perpetual. Costs of this proceeding are awarded in favor of the plaintiffs Pyle and against the defendant, to be paid by the Chicago, Milwaukee & St. Paul Ry. Co. of Idaho, the real party in interest in this case.

Sullivan, C. J., concurs.

Petition for rehearing denied.