287 P.2d 288

**YELLOWSTONE PIPE LINE COMPANY, a corporation, Plaintiff-Respondent,**

v.

**James A. DRUMMOND and Dorothy Drummond, his wife, James A. Drummond, Trustee of King Mining Company, a Kentucky corporation,**

**and**

**Emil Bouwens and Stephanie Bouwens, his wife, Defendants-Appellants.**

No. 8198.

Supreme Court of Idaho.

July 12, 1955.

Rehearing Denied Sept. 14, 1955.

Robert J. Fanning, Kellogg, Edward J. Crowley, Spokane, Wash., for appellants.

H. J. Hull & Sons, Wallace, for respondent.

PORTER, Justice.

On March 25, 1954, respondent filed its amended complaint seeking to condemn a right-of-way for a pipeline across certain mining claims owned by appellants or in which they claim an interest. Respondent seeks a right-of-way 50 feet wide during construction of its proposed pipeline and 20 feet wide permanently thereafter. Its proposed pipeline is for the purpose of transporting petroleum and petroleum products from Montana across the State of Idaho to Spokane, Washington, as a distributing point. Part of such materials are to be hauled back by truck from the distributing point to retail outlets in Idaho.

On April 12, 1954, respondent filed a motion for an order permitting respondent to take immediate possession of the right-of-way sought to be condemned. This motion was based upon the affidavit of Piatt Hull, attorney for respondent, as to the necessity for immediate possession of the right-of-way by respondent for construction of its pipeline, and upon the affidavit of one William Zanetti made on behalf of respondent wherein affiant appraises the value of the easement sought to be condemned at the sum of $46.25 with accruing

damages in the sum of $1,300. On the same day respondent purportedly served and filed notice of such motion. In such notice it was stated that on April 17, 1954, respondent would move the court for an order permitting respondent to take possession of the premises sought to be condemned pending a completion of the action as provided in Section 7–717, I.C., as amended by Chapter 252, Session Laws of 1953.

On April 17, 1954, the court denied the motions of appellants to quash service of notice of motion for possession. Thereupon, the court proceeded over the objection of appellants to take testimony introduced by respondent in support of its motion for possession. Appellants introduced no testimony although they filed an affidavit as to value and damages.

On May 7, 1954, the trial court filed its order of possession whereby respondent was permitted to take immediate possession of the right-of-way sought to be condemned. The court found the value of the right-of-way to be $100 and the accruing damages to be $1,400. The order for possession was conditioned upon the deposit by respondent of $3,000, being double the amount of value and damages, with the clerk for the use and benefit of appellants before the taking possession of such right-of-way; and such order further provided for the filing of a $2,500 bond by respondent to cover any additional damages which might be eventually assessed. From such order of possession appellants have appealed to this court.

The principal contention made by appellants under their assignments of error is that Chapter 252, Session Laws of 1953, amending Section 7–717, I.C., is unconstitutional and void as it violates Article I, § 13, and Article I, § 14, of the Idaho Constitution. Having determined that appellants are correct in this contention, as hereinafter discussed and decided, it follows that the order of possession made by the trial court based upon the 1953 amendment is null and void. Thus it becomes unnecessary for us to consider the additional assignments of error contesting the service of notice, challenging the rulings and procedure of the trial court and attacking its findings of fact. It is likewise unnecessary to set out the additional parts of the record upon which the other assignments of error are based.

Section 7–717, I.C., prior to its amendment in 1953, provided for the appointment of three disinterested persons as commissioners to assess and determine, after a hearing, the damages which would arise by reason of the taking of the property sought to be condemned. Upon the payment of the amount of such damages to the landowner by the condemnor or the deposit of same with the clerk for the landowner's benefit if he refused to accept the same, an order could be made permitting the condemnor to take possession of and use the property pending the final outcome of the litigation.

Section 7–717, I.C., was amended by Chapter 252, 1953 Session Laws, by deleting therefrom the provisions for the appointment of commissioners to assess damages and substituting in lieu thereof the following:

"Provided, however, that at any time after the commencement of suit, the plaintiff may move the court or judge thereof, on five days notice to the defendant, if he is a resident of the state or has appeared by attorney in the action, *otherwise by serving such notice directed to him on the clerk of the court,* for an order permitting the plaintiff to take possession of and use the premises sought to be condemned pending the action. *The court or judge thereof upon receiving an affidavit of the plaintiff as to the value of the property sought to be condemned and of the damages which will accrue from the condemnation,* and of the reasons requiring speedy occupation shall grant or refuse the motion according to the equity of the case. If the motion is granted the court or judge thereof shall make and enter an order granting the plaintiff the right to take possession of and use the premises sought to be condemned, and shall require the plaintiff to deposit with the clerk of the court, who shall upon order of the court deposit the same with the county treasurer as aforesaid, *a sum equivalent to twice the amount set forth in the affidavit of the plaintiff, and thereupon title to said lands in fee simple or such estate or interest therein as may be specified in said order shall vest in the plaintiff* and the lands or premises shall be deemed to be condemned and taken for the use recited in the complaint, and the right to one-half of the sum paid into court shall vest in the defendants as their interests may be determined by the court. No appeal from said order of taking, nor any bond or undertaking given on such appeal, shall operate to stay the effect of said order of taking. If defendant or defendants desire to accept the sum of one-half the amount paid into court as aforesaid as and for just compensation for the property taken, a written application may be filed by such party or parties advising of said acceptance, and thereupon one-half of the sum deposited in court as aforesaid shall be paid forthwith as and for just compensation for the property taken and a final order of condemnation shall be made and entered by the court. If however said amount shall not be accepted by the defendant or defendants, said cause shall proceed to trial and if compensation finally awarded by the court or jury exceeds the amount of money so deposited, the court shall enter judgment against the plaintiff for the amount in excess of that deposited with the clerk, and if the amount deposited be greater than the amount finally

awarded, the excess shall be returned to the plaintiff. The sum set forth by the affidavit of the plaintiff, and the sum deposited by the plaintiff with the clerk of the court shall be for the purposes of the motion and order of taking only, and shall not be admissible in evidence on a final hearing before a court or jury. The court or judge may also, pending the action, restrain the defendant or defendants from hindering or interfering with the occupation of the premises, and the doing thereon of the work required for the condemnation, occupation and intended use thereof, and shall have power to make such orders in respect to encumbrances, liens, rents, taxes, assessments, insurance and other charges, if any, as shall be just and equitable; provided, however, that the plaintiff may at any time before the amount deposited is accepted by the owner or owners, and before actual possession is taken, withdraw the amount so deposited and abandon the proceedings, and the title acquired by reason of such declaration of taking and deposit shall revert to the owner or owners of said premises." (Emphasis supplied.)

Article I, § 13, of our constitution reads in part as follows:

"No person shall * * * be deprived of life, liberty or property without due process of law."

Article I, § 14, of our constitution reads in part as follows:

"Private property may be taken for public use, but not until a just compensation, to be ascertained in the manner prescribed by law, shall be paid therefor."

At the outset, respondent admits in effect that the provision of the 1953 amendment purporting to vest title in the plaintiff upon the entry of the order for immediate possession and prior to the final determination and payment of just compensation, violates the constitution. Respondent urges, however, that such provision is contrary to the main body of the eminent domain statute, and should be held meaningless and be eliminated.

The real vice in the 1953 amendment is that it does not provide *due process of law* for the determination of the value of the land sought to be condemned and the damages arising from such condemnation and the payment thereof prior to the making of an order for possesssion, which results *in the taking of the property before just compensation is paid therefor*. Due process of law envisions an opportunity upon reasonable notice for a fair hearing before an *impartial tribunal*. In Abrams v. Jones, 35 Idaho 532, at page 546, 207 P. 724, at page 727, the court said that "due process of law is not necessarily satisfied by any process which the Legislature may by law provide, but by such process

only as safeguards and protects the fundamental, constitutional rights of the citizen"; and held that rights "cannot be denied or abridged in any manner except after due notice and a fair and impartial hearing before an unbiased tribunal." See also, Thomas v. Boise City, 25 Idaho 522, 138 P. 1110; Portneuf Irrigating Co., Ltd. v. Budge, 16 Idaho 116, 100 P. 1046; Pyle v. Woods, 18 Idaho 674, 111 P. 746; Idaho, etc., Ry. Co. v. Columbia etc., Synod, 20 Idaho 568, 119 P. 60, 38 L.R.A.,N.S., 497.

The provision in the amendment that the plaintiff may file an affidavit appraising the damages and that the court upon such affidavit may enter an order that upon the payment of double such amount, plaintiff may take possession, does not provide due process of law. Such provision neither provides for an impartial tribunal to fix the damages nor for a hearing before same are assessed. Powers v. Bears, 12 Wis. 213, 78 Am. Dec. 733, involved a proceeding for condemnation by a railroad company. The statute in question provided that the company could take possession upon offering the owner of the land such sum as the company's agent and two disinterested freeholders should swear to be just compensation for such land. The court said 12 Wis. at page 222, 78 Am. Dec. at page 736:

"The board of appraisers, who are to sit in judgment on the rights of the parties, are chosen by one of them, in the absence and without the knowledge or consent of the other. One of its members is the agent and employee of the company, through whom it exercises its power of choosing the other two. They act without evidence, and their sessions are not public. As a proceeding to ascertain and determine the rights of the landowner, it is a mere mockery, equivalent to making one of the parties to a controversy a judge or trier between himself and his adversary, and ordaining that the trial shall take place in the absence and without the knowledge of the latter, or equivalent to saying that the railroad company may enter into the permanent and peaceful enjoyment of the land without any compensation whatever."

In Orange County v. Storm King Stone Co., 229 N.Y. 460, 128 N.E. 677, at pages 678–679, in discussing the qualifications of a commissioner in condemnation proceedings, the court said:

"The provisions of the Constitution of the state of New York, section 6 of the first article, providing that no person shall be deprived of property without due process of law, and that private property shall not be taken for public use without just compensation, would, in my opinion, prevent the Legislature from authorizing a person to serve as judge, juror, or commissioner in a case or matter in which he was directly, substantially, and vitally interested. A legislative act which should undertake

to make a judge the arbiter in his own cause would be void."

In Big Lost River Irr. Co. v. Davidson, 21 Idaho 160, at page 168, 121 P. 88, at page 91, the court said:

"It will thus be seen that under the provisions of the constitution private property may be taken for public use, but not until just compensation, ascertained in a manner prescribed by law, shall be paid therefor. This provision of the Constitution limits the power of the Legislature in providing the proceedings for the taking of private property for public use, in that before such property can be so taken a just compensation must be first ascertained and the payment therefor made."

See also, Ryan v. Weiser Valley Land, etc., Co., 20 Idaho 288, 118 P. 769; Renninger v. State, 70 Idaho 170, 213 P.2d 911.

■ The taking of possession of the land sought to be condemned under an order for possession prior to final determination of the cause, is such a taking as requires the prior payment of just compensation. Ryan v. Weiser Valley Land, etc., Co., supra; Pyle v. Woods, supra; Chicago, R. I. & P. R. Co. v. United States, 284 U.S. 80, 52 S.Ct. 87, 76 L.Ed. 177; State ex rel. Smith v. Superior Court, 26 Wash. 278, 66 P. 385.

■ Respondent apparently recognizing the vulnerability of the provision in the 1953 amendment for fixing damages, contends that the trial court is not bound to enter an order for the deposit of double the amount of the damages named in the plaintiff's affidavit but may exercise its own discretion as to the amount to be deposited, and emphasizes that the statute says the court in making an order for possession must do equity. The equity mentioned in the statute refers to the conditions under which the use or possession of the land may be taken and does not refer to the amount of compensation. The statute states what the order shall be as to the amount to be deposited.

■ It is apparent that the service of the notice of motion for possession provided for by the amendment is defective. It provides that in the case of non-resident defendants who have not appeared, the notice shall be served upon the clerk of the court. It does not provide for any action by the clerk. It does not require the clerk to notify such defendants or to send copies of the moving papers and the notice to such non-resident defendants. The statute not providing for either actual service or constructive service of notice of motion for possession, does not accord to such defendants due process of law. Bear Lake County v. Budge, 9 Idaho 703, 75 P. 614; Hettinger v. Good Road Dist. No. 1, 19 Idaho 313, 113 P. 721.

■ The 1953 amendment does not provide due process of law as required by

Article I, § 13, of the constitution for the determination of just compensation for the taking of the land sought to be condemned to be paid to the landowner, or deposited in court for his use and benefit if he refuses to accept same, prior to the appropriation and taking possession of such land and thereby offends against the provision of Article I, § 14, requiring that just compensation must be paid prior to the taking. We find such amendment to be unconstitutional and void. State ex rel. Eastvold v. Yelle, Wash., 279 P.2d 645.

It appears on the face of the amended complaint that the use for which respondent seeks to condemn the right-of-way in question is a use authorized by law. Article I, § 14, Idaho Constitution; Section 7–701, I.C., as amended by Chapter 58, Session Laws of 1951; Portneuf Irrigating Co., Ltd. v. Budge, supra; Blackwell Lumber Co. v. Empire Mill Co., 28 Idaho 556, 155 P. 680; Marsh Mining Co. v. Inland Empire Mining & Milling Co., 30 Idaho 1, 165 P. 1128. And it further so appears that the taking is necessary to such use.

■ It was assumed in the oral presentation of this cause and appears by inference from the record that respondent complied with the terms and conditions of the trial court's order for possession and under such order took possession of the right-of-way in issue and constructed its pipeline thereon. In gaining possession of such right-of-way, respondent pursued or attempted to pursue the procedure provided in the 1953 amendment. Respondent did not gain possession by forcible entry or by deliberate trespass, but took possession under color of title. It does not appear from the record that the occupation of such right-of-way would interfere with any present operations on the mining claims of appellants. Under all these circumstances, it would be inequitable and cause unnecessary damage to require respondent to dig up its pipeline and surrender possession of the right-of-way pending the final determination of this cause. Respondent should be permitted to continue in possession until the final outcome of this litigation under the same terms and conditions as fixed by the court in the order for possession and accepted by respondent, and upon the further condition that respondent be required to proceed promptly to prosecute this action to final judgment. Ryan v. Weiser Valley Land, etc., Co., supra; Owen v. St. Paul, M. & M. Ry. Co., 12 Wash. 313, 41 P. 44; Caruthers v. Peoples Natural Gas Co., 155 Pa.Super. 332, 38 A.2d 713; City of New York v. Pine, 185 U.S. 93, 22 S.Ct. 592, 46 L.Ed. 820; Lund v. Idaho & W.N.R.R., 50 Wash. 574, 97 P. 665; Kincaid v. City of Seattle, 74 Wash. 617, 134 P. 504, 135 P. 820.

The order of possession made by the trial court is reversed and the cause remanded

with directions to the trial court to enter an order permitting respondent to continue in possession of the right-of-way sought to be condemned until the final determination of this action upon the terms and conditions set out in this opinion. Costs to appellants.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.

On Petition for Rehearing.

PORTER, Justice.

Upon examination of appellants' petition for rehearing we have concluded that the order of the trial court permitting respondent to remain in possession of the right-of-way pending the final determination of the cause, as directed to be entered in our original opinion, should also specifically contain the condition that if respondent abandons the proceedings or fails to secure a final judgment of condemnation or to take the land, and pay the determined value and damages sustained by reason of its severance, then the $3,000 cash deposited with the trial court shall be liable for the reasonable rental value of the right-of-way while used by respondent and for the damages, if any, resulting from respondent's occupation of the same.

The petition for rehearing is denied.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.