[No. 9362.  Department One.  September 22, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Harbor Boom Company, Plaintiff*, v. THE SUPERIOR COURT FOR PACIFIC COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—PROPERTY SUBJECT—PREVIOUS PUBLIC USE— TITLE IN TRUSTEE. One boom company cannot condemn the lands previously devoted to a public use and necessary to another boom company, to be used for the same purposes, in the same locality, and in the same manner as they are already being used in competition with the relator; and it is immaterial that the record title to the land is in a trustee for the company, where such company is in the actual possession of the property and devoting it to the public use.

Certiorari to review an order of the superior court for Pacific county, George Dysart, judge *pro tempore*, entered January 9, 1911, upon findings in favor of the defendant, denying condemnation, after a hearing before the court without a jury. Affirmed.

[1]Reported in 117 Pac. 755.

*Edward H. Wright,* for relator.

*W. W. Cotton, Welsh & Welsh,* and *James G. Wilson,* for respondents.

MOUNT, J.—Certiorari to review an order of the superior court of Pacific county denying the relator the right to condemn certain lands, lying at the mouth of North river, for use as a boom site. The principal defense to relator's action to condemn was made by respondent McGowan, who admitted that the land sought stood upon the public records in his name, but alleged that he had purchased these lands for the Nicomen Boom Company, a company engaged in the same business as relator, and that said lands were actually owned by, and were in possession of, the Nicomen Boom Company, and in use by that company for public use at the time the action was begun, and long prior to the organization of the relator company, and that he held the legal title thereto in trust for the said Nicomen Boom Company. Upon this issue, the trial court found as follows:

"That pursuant to the objects and purposes for which said Nicomen Boom Company was organized, and in order to enable it to carry out the objects and purposes for which it was organized, it did, sometime in the year 1900, purchase and become the owner, among other lands, of the lands and tide lands and property which petitioner in its petition seeks to condemn, and while said tide lands stand of record in the name of Patrick J. McGowan, the claimant, yet same and the whole thereof have been, ever since the organization of the Nicomen Boom Company, in the possession of and used by the Nicomen Boom Company in the performance of its public service duties, that of catching, holding and sorting, booming and rafting sawlogs and other timber products, and that the tide lands sought to be appropriated in the petition of the said Harbor Boom Company, were, at the time of the commencement of this proceeding and for a long time immediately prior thereto, were in the possession of and used by the Nicomen Boom Company for the purpose of performing its public services in the catching, sorting, holding, booming and rafting of sawlogs and other timber products, and al-

though said lands stand in the name of the claimant, Patrick J. McGowan, yet in fact Patrick J. McGowan had sold the same to the Nicomen Boom Company many years prior to the commencement of the above entitled action and proceedings, and at the time of the commencement of the above entitled action and proceeding and for many years prior thereto, the said Nicomen Boom Company, was the owner of and in possession of and using, for the purpose of catching, holding, sorting, booming and rafting sawlogs and other timber products for the public, all of said tide lands and waters and the same and the whole thereof were, at the time of the commencement of the above entitled action, and for a long time prior thereto and ever since have been and now are, necessary and required by said Nicomen Boom Company in enabling it to perform its duties to the public, as a public service corporation, in catching, holding, sorting, booming and rafting of sawlogs and other timber products.

"That ever since said Nicomen Boom Company became the owner of said lands and premises and tide lands, it has been in possession of and entitled to the possession of said lands and premises, and of the whole thereof, and that now and ever since the time that said Nicomen Boom Company became the owner of said lands and premises, the same and the whole thereof have been and now are necessary and required by said Nicomen Boom Company in the maintenance and operation of its boom and booms hereinafter mentioned, and in carrying out the objects and purposes for which it was organized, and the same and the whole thereof have been, ever since said Nicomen Boom Company became the owner of said lands and premises, used and are now used by it in maintaining and operating its boom and booms and sheer booms, and in the operation of its business as a booming company, and for mooring ground and as a place to take rafts of logs after the same have been sorted.

"That said Nicomen Boom Company's boom was, at the time of the commencement of this proceeding and for a long time prior thereto, and now is, situated at the mouth of said North river, in Pacific county, Washington, and the Nicomen Boom Company, in the operation of its business and in the catching, holding, sorting and rafting of sawlogs did use prior to the commencement of this proceeding and at the time of the commencement of this proceeding and now is

using the following described lands, to wit: [here follows a description of the lands sought to be condemned in this proceeding] in conducting and carrying on its business as a boom company, and that said lands are necessary and required for the use of said Nicomen Boom Company, and said Nicomen Boom Company cannot conduct and carry on its business as a boom company in said North river, without using said lands, and waters and tide lands and the whole thereof. And said lands and shore rights and tide lands in this proceeding which are sought to be appropriated by the petitioner were, at the time of the commencement of this proceeding, necessarily used by the Nicomen Boom Company in carrying on and conducting its business of catching, holding, booming, sorting and rafting sawlogs and other timber products in its boom and boom works in said North river, and the same and the whole thereof are necessary and required by said Nicomen Boom Company for the carrying on of its said business as a boom company in said North river. . . .

"That the property which the Harbor Boom Company, petitioner, seeks to appropriate in the above entitled proceeding, was at the time of the organization of said Harbor Boom Company, ever since has been and now is, devoted to a public use and to the same public use which the Harbor Boom Company desires to use it for."

The relator argues here that the trial court erred in finding that the Nicomen Boom Company is the owner of, or has any beneficial interest in, the land sought to be condemned; and, also, in finding that the lands sought are within the location plat of the Nicomen Boom Company. An examination of the evidence leaves no doubt in our minds that the trial court found the facts correctly upon these questions. There may be some room for doubt as to whether the lands sought lie wholly within the plat of location of the Nicomen Boom Company, but it is clear, both from the evidence and from the finding of the court, that the Nicomen Boom Company had acquired the lands and was the owner, and in possession thereof, using the same for the purposes of its business, and that the land appears to be necessary therefor.

In *Samish River Boom Co. v. Union Boom Co.*, 32 Wash. 586, 73 Pac. 670, we said:

"There can be no doubt that property held by a corporation simply as a proprietor may be taken for public use by another corporation having the right of eminent domain. And even property actually devoted to public use is still subject to the power of eminent domain, except that 'it cannot be taken to be used for the same purpose in the same manner,' as that would amount simply to a taking of property from one and giving it to another, without any benefit or advantage whatever to the public—an act which the legislature is powerless to authorize."

In *State ex rel. Skamania Boom Co. v. Superior Court,* 47 Wash. 166, 91 Pac. 637, we said:

"Within the principles discussed in *Samish River Boom Co. v. Union Boom Co.* 32 Wash. 586, 73 Pac. 670, the power exists for one public service corporation to condemn property held by another. Such power may not be exercised arbitrarily or indiscriminately so as merely to take property away from one corporation and give it to another. It cannot be taken to be used for the same purpose in the same manner; but where there is a necessity for devoting it to some other public service, it may be condemned."

In this case, it appears that the relator seeks the land of the Nicomen Boom Company to be used by the relator for the same purpose, and in the same locality, and in the same manner, that it is already being used by the Nicomen Boom Company, and necessarily in competition with that company. It is plain that one public service corporation may not condemn the property of another public service corporation to be used for the same purpose, at the same place, and in the same manner it is already being used, when its use is necessary for the other corporation. The fact that the record title to the land stands in the name of Mr. McGowan is of no importance when it is shown that he is merely a trustee, and that actual possession is in the Nicomen Boom Company, and that company is using the property for a public service, and the property is necessary to serve the

purpose of its business which is the same as that of parties seeking to condemn.

The only question which could concern the relator is whether the property has been previously appropriated to a prior public use. *Nicomen Boom Co. v. North Shore Boom etc. Co.*, 40 Wash. 315, 82 Pac. 412; *New York City v. Pine*, 185 U. S. 93.

The rulings of the trial court were clearly right upon these questions, which are decisive of the case. It is therefore not necessary to consider other questions presented by the briefs. The order appealed from is affirmed.

DUNBAR, C. J., GOSE, and PARKER, JJ., concur.