[No. 13543.  Department Two.  February 16, 1917.]

THE STATE OF WASHINGTON, *on the Relation of South Fork Log Driving Company, et al., Plaintiff,* v. THE SUPERIOR COURT FOR PACIFIC COUNTY, *M. L. Clifford, Judge, et al., Respondents.*[1]

EMINENT DOMAIN—PROPERTY PREVIOUSLY DEVOTED TO PUBLIC USE —PUBLIC NECESSITY—EVIDENCE—SUFFICIENCY.  The property and riparian rights held and used by a public service corporation for the purpose of furnishing water to a city, and necessary for its present and future use, cannot be condemned by another public service corporation to be devoted to the same use to which the company already in business intends to devote it, where the public interest does not require it; and public necessity therefor is not sufficiently shown, where it appears that the first company is a going concern, is furnishing an adequate supply of water to the city, and will very soon require an increase and it is its intention to use its property not now actually devoted to a public use, for that purpose, holding the same in reasonable anticipation of future needs.

Certiorari to review a judgment of the superior court for Pacific county, Clifford, J., entered May 12, 1916, adjudging a public use and necessity in eminent domain proceedings, tried to the court.  Reversed.

*Welsh & Welsh, Hayden, Langhorne & Metzger,* and *Shepard, Burkheimer & Burkheimer,* for relators.

*Fred M. Bond,* for respondents.

MOUNT, J.—This is a proceeding by certiorari to review an adjudication of public use and necessity in an action for condemnation.  In the petition for condemnation, the Willapa Power Company alleged, in substance, that it was authorized by its articles of incorporation to furnish the city of South Bend with electricity for municipal, domestic, and other purposes, and the inhabitants thereof with electricity for power purposes, and also to furnish water to the city of South Bend and the inhabitants thereof and other persons, for do-

[1]Reported in 163 Pac. 15.

mestic use, fire protection, and other purposes; that it had obtained franchises from the city for these purposes, and also from Pacific county for the purpose of conveying water along the public roads, and for pole lines for electrical appliances; that it was necessary to use the waters of the south fork of the Willapa river for the purposes of generating electricity, and for furnishing water to the city of South Bend. Numerous parties were made defendants, among them the South Fork Log Driving Company, the Weyerhaeuser Timber Company, and the Northwest Electric & Water Works.

The South Fork Log Driving Company defended upon the ground that it was a public service corporation, duly organized and authorized to perform a public duty; that it had cleared out and improved the south fork of the Willapa river, in Pacific county, its entire length, and was using the same for the purpose of driving, sorting, holding, and delivering logs and other timber products; that, if the waters of the south fork of the Willapa river were condemned and taken over by the petitioner, its business would be injured, or entirely destroyed.

The Weyerhaeuser Timber Company defended upon the ground that it was the owner of a large tract of timber land, situated along the banks of the south fork of the Willapa river; that this river was navigable for logging purposes; and alleged that all the land belonging to it, and the timber situated thereon, constituted one tract, and that the' availability of this timber to market was of greater public importance than the proposed enterprise; and that the taking from it of its riparian rights, and diverting the waters of this river, would render its timber and timber lands of no value, because there is no other practical method of marketing this great body of timber.

The Northwest Electric & Water Works defended upon the grounds that it is a public service corporation, under franchise duly granted to it, and is now, and has been, furnishing an adequate supply of water to the city of South

Bend and the inhabitants thereof, for municipal and domestic uses and purposes; that it acquired the lands sought to be condemned by the petitioner, upon the Willapa river, for the purpose of enabling it to furnish the city of South Bend with water; that it was its *bona fide* intention to appropriate said water for that purpose; that it was necessary, and acquired by it, for that purpose; that it acquired the lands long prior to the commencement of this action; that it did so in reasonable anticipation of the future needs of the city of South Bend and the inhabitants thereof; that, at the time of purchasing said lands and water rights, it was, and now is, the intention of the Northwest Electric & Water Works, in good faith, to use and improve said lands and water rights in ·the near future; and it intends, in good faith, to so improve and utilize said lands and water rights.

In reply to these answers, the Willapa Power Company denied the material allegations thereof. Upon these issues, the case was tried to the court, and resulted in a finding of necessity and public use. Thereupon this writ was sued out by the relators.

The controlling question in the case is whether the Willapa Power Company may take the property of the Northwest Electric & Water Works and devote this property to the same use that the Northwest Electric & Water Works intends to devote it to. The plan of the Willapa Power Company to use the waters of the south fork of the Willapa river is outlined in the evidence substantially as follows:

It is proposed to erect a dam on the headwaters of the south fork of the Willapa river, so that the waters of that river may be stored to a level of 520 or 600 feet above sea level. This will necessitate the flooding of large tracts of land belonging to the Weyerhaeuser Timber Company. It is proposed to impound all the water by means of this dam, and take the water out of its natural channel for a distance of several miles, and, at a point two miles below this dam, erect a proposed main plant to generate electricity, then

to turn the water into the old channel. It is also proposed
to construct a pipe line from that point to the city of South
Bend, and furnish that city with water.    The Northwest
Electric & Water Works is now, and has been for several
years last past, furnishing water to the city of South Bend
and its inhabitants.    It does not own the supply from which
it takes its water, but rents the same.    Before this action
was instituted, the Northwest Electric & Water Works pur-
chased and acquired a quarter section of land upon the south
fork of the Willapa river for the purpose of obtaining its
own supply of water to furnish to the city of South Bend.
The evidence conclusively shows that the present company
is furnishing water to South Bend and maintains pipes and
a water system within that city.    The petitioning company
maintains no pipes, but is furnishing electricity to the citi-
zens.    The evidence shows that the water of the south fork
of the Willapa river is the only available supply for South
Bend; that the land purchased by the Northwest Electric
& Water Works is upon the river, and it is the intention
of that company to utilize this water for domestic and other
purposes for the city of South Bend; that the same is rea-
sonably necessary; that this company intends to utilize the
same in the near future; that, if the condemning company
is permitted to take all the water of the river, as is proposed,
there will be none left for the Northwest Electric & Water
Works.    So that the principal question in the case is whether
one public service corporation may take the property of
another public service corporation, to be used for the same
purpose as it is now being used.    We think the case is con-
trolled by the case of *State ex rel. Union Trust & Savings
Bank v. Superior Court*, 84 Wash. 20, 145 Pac. 999, 149
Pac. 324.    In that case, we said:

"Our statute, Rem. & Bal. Code, § 925 (P. C. 171 § 176),
provides that, before property can be taken for a public
use, two facts must be made to appear:    (1) that the con-
templated use for which the property is sought to be appro-

priated is 'really a public use,' and (2) 'that the public interest requires the prosecution of such enterprise.' All property is held subject to the power of the state in the exercise of its sovereignty to appropriate it to a public use. Public service corporations are only permitted to exercise the power of eminent domain, an attribute of sovereignty, when the public interest will be promoted. We have held that property owned by a corporation and devoted to a public use cannot be taken by condemnation except in special cases not here present, to be used for the same purpose and in the same manner. *Samish River Boom Co. v. Union Boom Co.*, 32 Wash. 586, 73 Pac. 670; *State ex rel. Harbor Boom Co. v. Superior Court*, 65 Wash. 129, 117 Pac. 755; *State ex rel. Skamania Boom Co. v. Superior Court*, 47 Wash. 166, 91 Pac. 637. We have also held that property owned by a corporation 'and not actually devoted to a public use' may be acquired by condemnation. *Samish River Boom Co. v. Union Boom Co.*, supra. The right to condemn in a particular case depends upon all the attending facts and circumstances. *Samish River Boom Co. v. Union Boom Co.*, supra. It has become the settled law of the state that a public service corporation may acquire property by condemnation or otherwise in reasonable anticipation of its future needs. When property has been so acquired, it is deemed devoted to a public use although not actually devoted to such use, until there has been an abandonment of the intention so to use. *Nicomen Boom Co. v. North Shore Boom & Driving Co.*, 40 Wash. 315, 82 Pac. 412; *State ex rel. Spokane Falls & N. R. Co. v. Superior Court*, 40 Wash. 389, 82 Pac. 417; *Neitzel v. Spokane International R. Co.*, 80 Wash. 30, 141 Pac. 186; *Spokane v. Merriam*, 80 Wash. 222, 141 Pac. 358."

Then, after reviewing a number of cases, we said:

"In all condemnation cases the paramount consideration is the public interest, and to that interest all rights must bow and all rules must bend."

We think it is plain, from the record in this case, that the contemplated use for which the property is sought to be appropriated is a public use, but we are satisfied that the public interest does not require that the property of the

public service corporation which is now, and has been, doing business in the city of South Bend may be taken by the condemning company.  As stated above, it appears without contradiction in the evidence that the Northwest Electric & Water Works, now furnishing water to the city and citizens of South Bend, is a going concern.  It is furnishing an adequate supply of pure water.  The record shows that the demand for water is increasing, and that in a very short time, if not at the present time, more water will be needed by that company; that it has purchased land upon the south fork of the Willapa river in order to obtain a more abundant supply, and it is the intention of that company, in the near future, to obtain its supply of water from that source, and that the same is reasonably necessary for the purpose, and, while this property is not now actually devoted to a public use, it was purchased, and is held, in reasonable anticipation of future needs, and it is, therefore, deemed devoted to a public use, although not actually in use.  (See authorities cited above.)

It is plain, we think, that there can be no public interest in an enterprise when the public is already being served in the same manner and with the same commodity which is sought to be introduced.  The only public interest is service, and when the public is served adequately, then it follows that there is no public interest in a new public enterprise for the same purpose sufficient so that the new enterprise may take the property of the one doing the same service.  This is especially true, we think, in regard to public service corporations like water companies in this state, where such companies are controlled by the public service commission.  The rate is fixed and the service enforced by that commission. We are satisfied, therefore, that the trial court erred in concluding that there was such public interest here as demanded that a new company, intending to perform the same service as an old company, may condemn any of the property of the old company.

It is argued by the respondent that, in the purchase of the land by the Northwest Electric & Water Works, that company did not acquire the water in the stream which flowed upon its land.  It is probably correct to say that it does not own the water which flows across the land, but it does own the riparian right, subject to the right of lower riparian owners, and is, of course, entitled to utilize that water, subject to such rights.

It is unnecessary to consider the rights of the Weyerhaeuser Timber Company and the South Fork Log Driving Company, because it is not shown that, without the right of the respondent to divert the water from the channel of the river, and thereby take it away from the Northwest Electric & Water Works, the plan proposed may succeed.  On the other hand, the evidence, we think, shows that, unless the water can be diverted by the dam, proposed above the land of the Northwest Electric & Water Works, then the project is not feasible.

We are satisfied, upon the record, that the trial court erred in concluding that the public interest required the new enterprise, and in ordering a condemnation of the rights of the Northwest Electric & Water Works upon this river, and, for that reason, the judgment must be reversed.  It is so ordered.

MORRIS, HOLCOMB, FULLERTON, and PARKER, JJ., concur.