[No. 14325.   Department Two.   January 16, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Mason County Power Company, Plaintiff*, v. THE SUPERIOR COURT FOR MASON COUNTY, *John R. Mitchell, Judge, et al., Respondents.*[1]

PUBLIC LANDS—STATE LANDS—POWER OF DISPOSAL.   The state has power to confer (by Rem. Code, § 6828) upon the board of state land commissioners, the power to grant to a private individual the right to overflow state lands for the purpose of power plants for irrigation, mining, or other public use.

EMINENT DOMAIN—PROPERTY SUBJECT—PROPERTY DEVOTED TO PUBLIC USE.   The right to overflow state lands having been granted to a private person by the board of state land commissioners for public power purposes, under Rem. Code, § 6828, the same is not subject to condemnation by a corporation seeking to exercise the power of eminent domain for the same public purposes.

SAME.   Such condemnation would not be authorized by the fact that the prior grantee had failed to devote the lands to a public use, in the absence of any revocation of the grant by the state board of land commissioners, vested with the discretion to make the grant.

Certiorari to review a judgment of the superior court for Mason county, Mitchell, J., entered July 10, 1917, dismissing proceedings to condemn land for an electric power plant. Affirmed.

*Frank C. Owings*, for relator.

*Peters & Powell*, for respondents.

HOLCOMB, J.—An application was made here for a writ to review the action of the lower court in dismissing a condemnation proceeding.   The petitioner began condemnation proceedings in the superior court of Mason county against the respondents George H. Tilden and wife to appropriate and take over a right or easement in certain described lands situated in Mason county, consisting of the right to back up water thereon and overflow the same.   The petitioner alleged,

[1]Reported in 169 Pac. 994.

and the court in its judgment of dismissal found, that all the petitioner's stock has been subscribed and its annual license fee paid; that petitioner has caused to be projected, laid out, and surveyed the lands described in the petition, for a dam site and power plant and works for the use of the petitioner; and that the lands, real estate and premises are all necessary for the maintenance and operation of such dam, power plant and works, and the right to back up water thereon and overflow the same, which same right was heretofore granted by the state of Washington to respondent George H. Tilden, through the state board of land commissioners of the state of Washington, on August 25, 1915; that the articles of incorporation confer upon the petitioner, and show that it has complied with the laws of the state of Washington so as to have conferred upon it, the power of eminent domain; that the use to which the petitioner desires to appropriate such lands is a public use.

The theory presented by the respondents Tilden to the lower court in resisting petitioner's right to the order or decree of appropriation, and which was adopted by the trial court, was that the statute has prescribed the method by which persons or corporations may acquire the right from the state to erect power plants on state lands and overflow such lands in the putting in of their works; that that method is conclusive; that there is no right granted by statute for condemning state land for this purpose; that there is a specific grant made by the statute to railroad companies and some others for condemning state lands, but there is no statute conferring that right upon corporations for the purpose of generating electric power; so that the method prescribed by statute in getting the right to overflow lands for electric power purposes by application to the state board of land commissioners, who exercise their discretion in granting or refusing it, but upon such terms as the board may prescribe, both as to the consideration that may be paid for the privilege and also the time in which the work must be put in, in order

to keep the grant or privilege of power alive, is exclusive; that the privilege granted by the board to an applicant for such right vests a right in the applicant by the state which the court had no power by condemnation proceedings to take away from the party to whom the right was granted and award to another. Relator contends that the above theory is erroneous, and that the court erred in entering a judgment of dismissal of its petition.

Section 6828, Rem. Code, grants authority to the board of state land commissioners

"to grant any person or corporation the right, privilege, power and authority to perpetually back and hold water upon and over any land belonging to the state of Washington, and to overflow any such land and inundate the same, if said board deems it necessary for the purpose of erecting, constructing, maintaining or operating any water power plant, reservoir or works for impounding water for power purposes, irrigation, mining or other public use."

The two following sections provide for the manner and terms upon which the privilege may be granted by the board of state land commissioners and enjoyed by the grantee.

We find no other statute in the laws of this state permitting either a corporation or a private individual to acquire state lands or any rights therein for the same purposes as those involved herein. By the terms of the statutes under consideration, the authority to grant such right is vested exclusively in the board of state land commissioners. The respondent Tilden made application for such right under this statute. The relator also made such an application, and the board of state land commissioners granted the application of respondent Tilden and denied that of the relator.

What relator sought to do in the eminent domain proceeding was to have the court take from respondent Tilden and give to it what the board of state land commissioners denied it and gave to Tilden.

Relator first argues that a cursory reading of the statute convinces that it is loosely drawn and ambiguous. By the

use of the words "or other public use," at the conclusion of Rem. Code, § 6828, relator contends the legislature manifested an intention to limit the use of this power to a public use. It is then contended that the grant of this privilege to a private person is not upon the same status as the grant of such a privilege to a public service corporation, and that the right granted is a private right granted to a private person, and not a public grant to a public corporation or public utility concern. We can find no merit in that theory. The mere fact that Tilden is not a corporation does not prevent him from operating a public utility and devoting property to a public use. There is no law in this state which requires the exercise of such public powers and uses exclusively by corporations. The devotion of such privileges to a beneficial use for the public would be as much a public use in the hands of a private holder as in the hands of a corporate holder. The statute is specific that the rights may be granted "to any person." By these provisions of the statute, the legislature provided the means whereby "any person or corporation" may acquire the right to overflow state lands for the purposes therein specified. Any right to overflow state lands must be granted by the board of state land commissioners and not by a court. The state has the manifest right and power, there being no constitutional inhibition thereof, to grant to an administrative or executive department of the state the power to dispose of and regulate the use of its lands. To uphold the contention of relator would be to deprive the state of its right to determine what person or corporation may be granted such rights through its executive and administrative arm designated by the statute, which is an instrumentality through which the sovereign power of the state is exercised in dealing with its own property. Undoubtedly the legislature had the power to withhold entirely the privilege of using state lands for the purposes in question. It also had the right to grant such privilege, and, in granting the privilege, it had the right to determine through what agency the privilege should be

granted and regulated.   We cannot believe that the state, in the exercise of its sovereignty in dealing with this matter, would contemplate the grant of the right through one agency and the taking away of the same right through another agency giving it to some one else.

It is also argued by relator that the grant in itself in no way made the use public or other than private, and it was not essential to establish to the satisfaction of the board that the use was public in order to protect its action in making the grant.   It is said that this must be true because, if the statute were construed to require such proof, it would then result in saying that the legislature had conferred upon the state board the power to determine whether the use was public or not; and that, if the legislature should attempt to confer this power upon the state board, such act would be unconstitutional because it would conflict with the provisions of § 16, art. 1, of our constitution providing that the question of public use is purely a judicial one for the courts to determine. But these provisions of the constitution do not in any way control or affect the power of the state to grant to any administrative department of the state the power to determine what is a public use of the state's own property.   The state can attach any conditions that it chooses in regard to the control and use of its property.   As between a private individual and a person or corporation to whom is delegated the power of eminent domain for public use under our law, the question of whether or not property is appropriated for a public use under our constitution must be, and has always been determined to be, a judicial one.   But that does not apply to the appropriation of lands owned by the sovereign state itself.

For the foregoing reasons, we are convinced that the relator has no power to appropriate and condemn by eminent domain proceedings the right and privilege granted to the respondent Tilden by the state board of land commissioners under the controlling statutes.

A further controlling reason why the relator would have no right to maintain this proceeding is that the undisputed evidence showed beyond controversy that the relator and respondents are seeking to devote the property to identically the same use. We know of no case where a subsequent appropriator of land or property for use alleged to be public has been permitted to acquire the identical rights of a prior appropriator of the same property to be devoted to the same alleged public use. *Nicomen Boom Co. v. North Shore Boom & Driving Co.*, 40 Wash. 315, 82 Pac. 412; *State ex rel. Harbor Boom Co. v. Superior Court,* 65 Wash. 129, 117 Pac. 755; *State ex rel. Union Trust & Sav. Bank v. Superior Court,* 84 Wash. 20, 145 Pac. 999, 149 Pac. 324.

It is further contended by relator that it does not appear that respondent Tilden had, in good faith, acquired the right granted him, and that it does not appear that he has made any use, or will actually make any use, of the grant made to him by the state board of land commissioners, and that, therefore, his naked right should be allowed to be acquired by the condemnation proceedings. As we have said before, this is a matter entrusted to the discretion of the state board of land commissioners. So far as that board has acted, it has granted the right and privilege to Tilden. If Tilden should fail to exercise his powers under the privilege granted, through failure to devote the grant to public use, upon a showing made to the state board, the privilege granted him might be revoked. At any rate, the legislature has delegated all such powers to that board, subject only to review by the courts in proper cases.

For the foregoing reasons, the judgment of the lower court is right and must be affirmed, and this proceeding dismissed. It is so ordered.

ELLIS, C. J., MOUNT, and MORRIS, JJ., concur.

CHADWICK, J., concurs in the result.