[No. 14325.    Department Two.    May 9, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Mason County Power Company, Plaintiff,* v. THE SUPERIOR COURT FOR MASON COUNTY, *John R. Mitchell, Judge, et al., Respondents.*[1]

EMINENT DOMAIN—STATE PROPERTY — WATER RIGHTS — STATUTES. The right to acquire state property is not granted by Laws 1917, p. 447, § 4, declaring that the beneficial use of water is a public one, and providing that any person may exercise the right of eminent domain to acquire any property or rights necessary for the storage of water for beneficial uses; since the power must be clearly granted and will not be implied, and the statute must be strictly construed; and especially since the act, being part of the general water code, was not intended to, and did not, repeal Rem. Code, § 6828, covering proceedings to condemn state property.

SAME — STATUTES — RETROACTIVE EFFECT. Where there was no right to condemn state property at the time the proceedings were instituted, subsequent legislation authorizing the condemnation of state property would not retroactively affect or sustain the suit.

Certiorari to review a judgment of the superior court for Mason county, Mitchell, J., entered July 10, 1917, dismissing proceedings to condemn land for an electric power plant. Affirmed.

*Frank C. Owings,* for relator.

*Peters & Powell,* for respondents.

ON PETITION FOR REHEARING.

PER CURIAM.—On petition for rehearing herein, the relator, conceding the correctness of all other matter in the opinion filed on January 16, 1918, 99 Wash. 496, 169 Pac. 994, but referring to the remark:

"We find no other statute in the laws of this state permitting either a corporation or a private individual to acquire state lands or any rights therein for the same purposes as those involved herein,"

[1]Reported in 173 Pac. 19.

calls attention now to § 4, chapter 117, Laws of 1917, p. 447, as follows:

"The beneficial use of water is hereby declared to be a public use, and any person may exercise the right of eminent domain to acquire any property or rights now or hereafter existing when found necessary for the storage of water for, or the application of water to, any beneficial use, including the right to enlarge existing structures employed for the public purposes mentioned in this act and use the same in common with the former owner, and including the right and power to condemn an inferior use for a superior use. In condemnation proceedings the court shall determine what use will be for the greatest public benefit, and that use shall be deemed a superior one"

and prays for a rehearing.

There are two or more valid reasons why the above legislation cannot apply to relator's case:

(1) The power to condemn the property of the state must be clearly granted and will not be implied. The provision above quoted does not clearly or expressly grant such power. The statutes granting such power will be strictly construed. *Seattle & M. R. Co. v. State,* 7 Wash. 150, 34 Pac. 551, 38 Am. St. 866, 22 L. R. A. 217; *State ex rel. Attorney General v. Superior Court,* 36 Wash. 381, 78 Pac. 1011; *State ex rel. Wauconda Inv. Co. v. Superior Court,* 68 Wash. 660, 124 Pac. 127, Ann. Cas. 1913E 1076.

(2) The section cited is a part of the general water code enacted in 1917 (Laws of 1917, p. 447), not apparently intended to cover this proceeding to acquire state property by eminent domain at all, and not repealing the provisions therefor (Rem. Code, § 6828 *et seq.*), which specifically dealt with the matter.

(3) Tilden's rights were acquired prior to the passage of the act of 1917. Relator's suit was instituted six months prior to the enactment of that law. Relator

having no right to condemn at the time it instituted its proceedings, the subsequent legislation could not retroactively affect the matter and grant the right.

For these and the reasons stated in the original opinion, a rehearing is denied.